UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REBECCA INEZ PORTER,

        Plaintiff,

    v.                                      Civil No. 09-50-HA

                                          OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

        Plaintiff Rebecca Inez Porter seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

2- OPINION AND ORDER

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here. Plaintiff was forty-four years old at the alleged disability onset date. Plaintiff has more than a high school education and has past relevant work experience as a clerical office worker.

Plaintiff protectively filed her application for benefits on July 21, 2005, alleging disability beginning February 22, 2005. Plaintiff alleges disability stemming from physical and mental impairments including: a Vitamin D deficiency (osteomalacia), a pain disorder, a dystonic tremor disorder, somataform disorder, and a personality disorder. Plaintiff's application was denied initially and on reconsideration. The ALJ conducted a hearing on March 19, 2007 at which he heard testimony from plaintiff, who was represented by counsel; and a vocational expert (VE). On April 26, 2007 the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act. The Appeals Council remanded the ALJ's decision in order to obtain supplemental VE testimony.

On June 16, 2008 the ALJ conducted a second hearing at which he heard testimony from plaintiff, who was represented by counsel; and a VE. The ALJ issued a second decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

5- OPINION AND ORDER

disability onset date.  Tr. 19, Finding 2.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe impairments: a dysthymic disorder, somatoform disorder, and opioid dependence .  Tr. 19, Finding 4.  The ALJ found plaintiff's osteomalacia and personality disorder to be non-severe.  *Id*.

At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or equals the requirements of any listed impairment.  Tr. 25, Finding 3.

The ALJ determined that plaintiff has the RFC to perform light exertion work with environmental and vocational non-exertional limitations.  Tr. 26, Finding 5.  The ALJ determined that plaintiff can lift ten pounds frequently and twenty pounds occasionally, that she can sit, stand, and walk for six hours in an eight-hour workday, and that she should not work in close-proximity to hazards.  Tr. 28.

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work.  Tr. 28, Finding 6.

At step five, the ALJ, found that jobs exist in significant numbers in the national economy that plaintiff could perform.  Tr. 29, Finding 10.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) failing to find plaintiff's osteomalacia and personality disorders to be severe, (2) improperly rejecting lay witness testimony, (3) improperly assessing plaintiff's RFC, (4) failing

---

[1] Tr. refers to the Transcript of the Administrative Record.

6- OPINION AND ORDER

to find that plaintiff's mental impairments meet or equal Listings 12.07 and 12.08, and (5) improperly assessing plaintiff's credibility.

### 1. Severity of Impairments

Plaintiff argues that the ALJ erred in finding plaintiff's osteomalacia and personality disorder to be non-severe. "An impairment or combination of impairments may be found 'not severe *only* if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ must have "substantial evidence to find that the medical evidence clearly establishe[s]" that an impairment is not severe. *Id*.

#### A. Osteomalacia

Plaintiff's treating physician, Dr. Inkeles, diagnosed plaintiff with having "symptomatic osteomalacia" that is "moderately severe to severe." Tr. 556. As a result of plaintiff's osteomalacia, Dr. Inkeles found plaintiff to have "exquisite tenderness to thumb palpation over both anterior tibia," and osteoarthritis of the sympysis pubis. Tr. 556, 565. Despite extensive supplementation, plaintiff's Vitamin D levels did not reach the goals set by Dr. Inkeles. He opined that plaintiff's osteomalacia and pain symptoms might be causally linked. Tr. 444-45. Treating physician Dr. Goodman also opined that plaintiff's Vitamin D deficiency could be playing a role in plaintiff's pain disorder and noted that plaintiff had difficulty with supplementation in the past. Tr. 379.

The ALJ found plaintiff's osteomalacia to be non-severe because she "was not assessed with any functional limitations because of her Vitamin D deficiency and the deficiency can easily be corrected with supplements." Tr. 19. The record lacks substantial evidence that clearly

7- OPINION AND ORDER

establishes plaintiff's osteomalacia is non-severe. Rather, the evidence clearly establishes that plaintiff has a Vitamin D deficiency that is not easily correctable and is, at the very minimum, causing plaintiff pain in her hips and osteoarthritis, and may in fact be responsible for her pain disorder. The ALJ should have found her osteomalacia to be severe and then incorporated the resulting limitations in plaintiff's RFC.

### B.    Personality Disorder

Examining psychologist Dr. Cole diagnosed plaintiff with a dysthymic disorder, somatization disorder, conversion disorder, and a personality disorder with dependent features. Tr. 438. Doctor Cole opined that plaintiff had difficulty with attention and concentration and that her overall pace on tasks was slow. *Id*.

The ALJ accepted Dr. Cole's opinion, but did not find plaintiff's personality disorder to be severe. In so doing, plaintiff argues that the ALJ erred, but can point to no evidence establishing that her personality disorder is severe. Doctor Cole found plaintiff to have difficulties with attention, concentration, and pace, yet did not ascribe her limitations to her personality disorder. The ALJ found plaintiff's dysthymic disorder, and somatoform disorder to be severe. Based on substantial evidence in the record, the ALJ was entitled to find that these disorders were the cause of plaintiff's impairments. The ALJ was not required to find plaintiff's personality disorder to be severe absent additional evidence establishing it as such.

### 2.    Lay Witness Testimony

Plaintiff asserts that the ALJ erred in failing to credit the evidence presented by plaintiff's husband, Myron Porter. Mr. Porter testified that he has witnessed an increase in plaintiff's tremors, that she tires easily, and suffers constant pain. Tr. 665-66. He stated that "any kind of activity," even washing the dishes or taking a shower will leave plaintiff exhausted and requires

8- OPINION AND ORDER

a prolonged recovery. Tr. 666. Additionally, Mr. Porter submitted written testimony in which he described plaintiff's difficulties in nearly all life activities. Tr. 152-59.

The ALJ purported to accept the lay testimony, finding Mr. Porter to be "generally credible as to his non-medical observations," noting that "[h]is testimony from the latest hearing was essentially unchanged from the prior hearing." Tr. 28.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id*. at 512.

A claimant's immediate family members are in a unique position to describe the effects of a claimant's impairments on his or her day to day life. Lay witnesses are by their very definition not medical experts and lack expertise to provide a basis for observations they make. Nevertheless, a lay witness's testimony is competent evidence that the ALJ must consider. *Lewis*, 236 F.3d at 511.

A person who is left in painful exhaustion after showering, cannot stand and or walk for six hours in an eight-hour day, nor can they frequently lift ten pounds. Mr. Porter's testimony is unquestionably irreconcilable with the RFC established by the ALJ.

Rather than accepting Mr. Porter's testimony and incorporating it into the RFC, or rejecting it for clear and convincing reasons, the ALJ purported to accept it, but then disregarded it while formulating plaintiff's RFC. The Commissioner contends both that the ALJ properly accepted Mr. Porter's testimony, and that his testimony "is subject to rejection by the ALJ based on the reasons he gave for rejecting plaintiff's" subjective complaints. Def.'s Br. 18; (citing

9- OPINION AND ORDER

*Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (allowing an ALJ to reject lay witness testimony for the same reasons given for discounting the claimant's testimony where the claimant's daily activities undermined the degree of impairment alleged).

As noted above, plaintiff's RFC and Mr. Porter's testimony are incompatible and the ALJ cannot be said to have accepted his testimony. Additionally, even if Mr. Porter's testimony lent itself to rejection for the same reasons plaintiff's testimony was discounted (which it does not), this court cannot accept the Commissioner's *post hoc* rationalizations of the ALJ's analysis. *Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 559 (9th Cir. 1985). The ALJ erred by failing to either accept Mr. Porter's testimony and incorporate it into plaintiff's RFC or to properly reject the testimony.

      3.      **Plaintiff's RFC**

Plaintiff asserts that the ALJ erred in formulating her RFC. Given the extensive documentation in the record concerning plaintiff's hand tremors, limitations regarding the use of her hands should have appeared in the RFC. The ALJ erred in failing to account for these limitations.

      4.      **The Listings**

Plaintiff argues that the ALJ failed to properly consider whether plaintiff's impairments met or equaled Listings 12.07 and 12.08. Listing 12.07 addresses somatoform disorders and Listing 12.08 addresses personality disorders. 20 C.F.R. § 404, Subpart P, Appendix 1, Listings 12.07, 12.08.

Plaintiff has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch,* 400 F.3d at 683. As discussed above, plaintiff provided insufficient evidence to establish that she has a severe personality disorder that might

10- OPINION AND ORDER

meet or equal Listing 12.08. However, if her husband's testimony is found credible and given proper weight, plaintiff has produced evidence that she may meet or equal listing 12.07. *See Schneider v. Comm'r Social Sec. Admin.*, 223 F.3d 968, 975 (9th Cir. 2000)(holding that lay witness testimony should be considered in determining whether a claimant's limitations satisfy "Part B" of a particular Listing).

### 5. Other Arguments

This court has reviewed plaintiff's remaining arguments and finds that the remaining portions of the ALJ's decision are free of legal error and are supported by substantial evidence in the record, or are irrelevant to this court's decision.

### 6. Remand

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Upon remand, this case shall be assigned to a different ALJ who shall consider plaintiffs osteomalacia to be severe, reconsider Mr. Porter's testimony, and assign limitations based on plaintiff's tremors. Additionally, the ALJ shall consider whether plaintiff meets Listing 12.07 and if she does not, formulate a new RFC accounting for all of plaintiff's limitations. Plaintiff shall also have the opportunity to submit new evidence regarding her alleged impairments.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C.

11- OPINION AND ORDER

§ 405(g), the decision of the Commissioner denying Rebecca Inez Porter's application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

    IT IS SO ORDERED.

    DATED this __31__ day of January, 2010.

                                        /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                     United States District Judge